AO 91 (Rev. 11/11) Criminal Complaint

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 23 2019

JULIA C. DUDLEY, CLERK
BY: /s/ C. Ruot
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>Zeafree Zekkaiyas<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1:19mj115<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 18, 2019** in the county of **Tazewell** in the **Western** District of **Virginia**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922 (g)(1) | Felon in possession of a firearm |
| 18 USC 922 (g)(2) | A fugitive in possession of a firearm |
| 18 USC 922 (g)(4) | A person who has been comitted to a mental facility |

This criminal complaint is based on these facts:

See attached complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

William C. Duke
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/23/19

_____
*Judge's signature*

City and state: Abingdon, Virginia

Honorable Pamela Meade Sargeant
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

## INTRODUCTION AND BACKGROUND:

1. Your affiant, William C. Duke, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Bristol Virginia Field Office, having been duly sworn, deposes and states as follows:

2. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 United States Code, and am empowered by law to conduct investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18 United States Code.

3. I have been employed as a Special Agent with the ATF since February 2005. Prior to becoming an ATF Special Agent, I was a Police Officer and Detective with the Chesterfield County Virginia Police Department for five and one half (5 ½) years. During my tenure in law enforcement, I have attended numerous schools and training hosted by ATF, FBI, HIDTA, State and local law enforcement, and the Department of Justice, dealing in various techniques of investigating firearms, narcotics, explosives and criminal activity. I have taken part in numerous federal, state, and local investigations concerning violations of firearm, explosives and narcotics laws.

4. As a result, of my personal participation in this investigation, as well as through interviews with and analysis of reports submitted by other law enforcement officers who are involved, I am familiar with all aspects of this investigation.

5. During my tenure in law enforcement, I have become familiar with the methods and techniques associated with various criminal activities to include the unlawful flight to avoid prosecution, obstruction of justice, harboring of a fugitive, lying to federal agents, being an accessory after the fact, the distribution of narcotics, the trafficking of firearms and the organization of drug conspiracies. In the course of conducting these investigations, your affiant has been involved in the use of the following investigative techniques: interviewing confidential sources and cooperating witnesses; conducting physical surveillance: conducting short and long term undercover operations; reverse undercover drug operations; controlled buys; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register data; requesting, collecting and analyzing billing records; and conducting court-authorized electronic surveillance, conducting court authorized intercept of non-consensual electronic communications. Further, I have participated in the preparation, presentation and execution of numerous search and arrest warrants which have resulted in the recovery evidence of violations of federal and state law. Additionally, I have assisted

in investigations and arrests leading to convictions for violations of federal and state laws.

6. The information contained in this affidavit is based on my personal observations, observations of other law enforcement officers, observations of Cooperating Sources (CS) as related to me, my review of official police and government reports, my review of records and documents gathered during this investigation, and consultation with other law enforcement officers involved in the investigation.

7. This affidavit contains information necessary to support probable cause for an arrest warrant. The information contained in this affidavit is not intended to include each and every fact and matter observed by or known to the United States.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

9. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that evidence related to violations of federal law described as a prohibited person possessing firearms and ammunition in violation of 18 USC 922 (g) (1), (2) and (4).

## PROBABLE CAUSE:

10. On February 19, 2010, ZEKKARIYAS was charged with Attempted Residential Burglary First Degree (Felony) by the by the Riverside County, CA Sheriff's Office. While out on bond, ZEKKARIYAS was charged with First- Degree Robbery after using a firearm to forcefully steal a laptop from a citizen (Felony).

11. On 9/16/2015, the California Superior Court found that ZEKKARIYAS'S mental competency had been restored pursuant to 1372 PC, after 3 months of being found mentally incompetent.

12. On 7/18/16, the California Superior Court found that ZEKKARIYAS had the ability to understand his constitutional rights. ZEKKARIYAS signed a plea agreement for Count 1 on California Penal Code (PC) 664/459 First Degree, which is Attempted Residential Burglary: PC 459 & 460(a) (Felony). First Degree Attempted Residential Burglary is charged as a felony and has a maximum sentence of up to three years in prison. ZEKKARIYAS also signed a plea agreement for to Count 1 on California Penal Code

211 Second Degree, which is Robbery (Felony), which is punishable by 2, 3 or 5 years in state prison.

13. On August 2, 2016, ZEKKARIYAS was sentenced to be committed to the custody of Riverside County, CA Sheriff's Office for a total of 365 days for the First Degree Attempted Residential Burglary and the Second Degree Robbery. ZEKKARIYAS received credit for time served (presentence) of 183 actual days plus 182 days pursuant to 4019 PC for a total of 365 days. ZEKKARIYAS was sentenced to serve 36 months of probation. Case # RIF10000946 and RIF101004744.

14. ZEKKARIYAS was in custody in CA from March 21, 2015 to August 3, 2016 (approximately 16 months).

15. On 2/17/19 in Bluefield VA, Donquale Gray shot Bluefield Police officer Daniel Thomas, hitting him twice and attempting to murder him. The shooting occurred during a traffic stop on US Hwy 460, after stopping the vehicle that GRAY was a passenger in. GRAY fled the scene and became a fugitive. Law enforcement across VA and WV began looking for GRAY.

16. On February 18, 2019, as part of the manhunt for GRAY, the Bluefield VA Police department conducted surveillance on 804 Virginia Ave, #4, an apartment in Bluefield VA. This apartment is known to be associated with GRAY. The vehicle that GRAY was the passenger in is known to have dropped Kaleb MERRITT off at this apartment just before being stopped by Officer Thomas and GRAY shooting Officer Thomas. This vehicle is known to have picked GRAY and MERRITT up at Addarius JACKSON's house on Larch Street in Bluefield WV.

17. Before 10:00 PM, patrol Sgt. Bradshaw notified Inv. McCroskey of a suspicious vehicle parked in front of 804 Virginia Ave, #4. At approximately 10:00 PM, Inv. McCroskey responded to the location of 804 Virginia Ave, #4 and initiated surveillance in his unmarked vehicle. Inv. McCroskey relieved patrol officer Jonas who was in a patrol vehicle sitting just east of the apartments. Inv. McCroskey felt the visible patrol vehicle may have been raising suspicions of the occupants of the apartments. At approximately 11:00 PM, Inv. McCroskey observed a black male that fit the general description of GRAY acting in a suspicious manner. The black male, who was wearing a red hooded sweatshirt with the hood up and jeans, looks out of the apartment, east, towards where the patrol vehicle had been parked. The male leans back inside then steps out again looking towards where the patrol vehicle had been parked. Inv. McCroskey at this time was on the phone with Sgt. Bradshaw. The male then exits the apartment, and departs in an unlicensed vehicle. The McCroskey attempts to catch up with the vehicle and ask Sgt.

Bradshaw for assistance. At approximately 11:04 PM, Sgt. Bradshaw locates the vehicle that is unoccupied parked in front of 111 Wharton, St. Bluefield, VA. The officers check the area around the vehicle and the outside of the house where the vehicle is parked. No one is located.

18. Inv. McCroskey, after banging on the door to 111 Wharton Street, makes contact with Susan Allen, a resident at this residence (Susan Allen is found dead the morning of February 19, See ROI 4). Inv. McCroskey ask Susan Allen whose silver car was parked outside. She responds "I don't know where he is". Inv. McCroskey told Susan Allen that he never said he. Susan Allen then said that "he" is inside but said she did not know which room. Inv., McCroskey asked what Allen called him and she said "J". Inv. McCroskey told Susan Allen that they were going inside to locate "J". Susan Allen said that her daughter, 17 YOA was inside and naked. Inv. McCroskey entered the residence. The daughter exited the bedroom just inside on the left. The male suspect, with hands up, wearing a red hooded sweatshirt and jeans came out of the back left bedroom. This bedroom was later identified as the bedroom of Susan Allen. The suspect was searched and detained. The suspect provided to Inv. McCroskey several documents to include identification of the suspect (See attached). The suspect never answered to "J" but was identified as Zeafree ZEKKARIYAS (AKA: Jorden Johnson, B/M, DOB: 12/30/1989, SSN: 626-65- 5338, FBI: 386156DD5). ZEKKARIYAS was identified by Inv. McCroskey as the person he observed at and driving away in the suspect vehicle from 804 Virginia Avenue #4. Inv. McCroskey asked ZEKKARIYAS about driving the vehicle and ZEKKARIYAS admitted he had driven the silver car in question but said he came from a house and pointed up the road from 111 Wharton Street, the opposite direction of which he actually came from. ZEKKARIYAS told Inv. McCroskey that he was wanted out of Giles, Co VA and had been on the run for the past five years.

19. ZEKKARIYAS was asked how he got to the residence on Wharton Street, where he was located. ZEKKARIYAS looked at the silver car that Inv. McCroskey had observed him driving, and said "I drove" and pointed to the silver car. Inv. McCroskey asked ZEKKARIYAS about the ownership of the silver car. ZEKKARIYAS stated that the car was his and that a girl gave it to him. The vehicle is identified as a 2009 Hyundai Sonata four door, silver in color, VIN# 5NPET46C79H408212, there was no license plate attached to the vehicle. The owner of the vehicle is listed as Riba Gore of 17504 Grand Avenue, Bellflower, California 90706. On 4/01/2019, ATF SA Thompson interviewed Riba Gore the registered owner of the 2009 Hyundai ZEKKARIYAS was observed operating and claimed to be his on 2/19/19. Mrs. Gore stated that her insurance company ("Metro Mile Ins") reported the car stolen to Loan Mart on or about 12/22/2018.

20. ZEKKARIYAS was taken into custody for the outstanding warrant. The Capias for

arrest was issued on 8/14/2014 for Jordan Johnson (B/M, DOB: 2/3/1993), a known alias of ZEKKARIYAS; for the charge of felony assault on law enforcement officer in violation of VA Code 18.2-57 for an indictment out of Giles County VA on 7/8/2014.

21. Inv. McCroskey obtained a search warrant for the vehicle. The vehicle was searched and processed by VSP SA Alderson. Located during the search were:
    - 40 Caliber extended magazine was recovered from a laundry bag located in the driver's side rear passenger area of the vehicle.
    - Full box of .410 shotgun shells were recovered from a blue pillow case that was on a pillow in the trunk region of the vehicle.
    - Unloaded Single shot Snake Charmer .410 shotgun with serial number 12806 was recovered from a green pillow case that was on a pillow in the trunk region of the vehicle.
    - Unloaded AR15 upper receiver labeled 5.56 mm on the barrel and S/W on the top main rail recovered from a black trash bag in the trunk region of the vehicle.
    - AR15 lower receiver labeled Smith and Wesson with serial number SZ76362 was recovered from inside of a safe from the trunk region of the vehicle.
    - AR 15 (30) round magazine containing (17) rounds was recovered from the safe that was in the trunk region of the vehicle.
    - Partial box of 9 mm rounds containing (33) rounds was recovered from the safe that was in the trunk region of the vehicle.

22. The firearm described as an S&W, M&P, AR15 5.56/.223 rifle, serial #: SZ76362 was recovered on 2/18/2019 in possession of a Zeafree Zekkariyas. This firearm was traced through ATF and indicated that Danny Lee Lynch, Jr. was the original purchaser of the firearm described as an S&W M&P AR15 5.56/.223 rifle, serial #: SZ76362.

23. On March 7, 2019 Lynch was interviewed and stated that in the fall of 2017 he was the victim of a B&E during which he had numerous firearms stolen. Lynch reported the crime and the missing firearms to the West Virginia State Police on 9/29/2017. The S&W M&P AR15 5.56/.223 rifle, serial #: SZ76362 was one of the firearms stolen.

24. On April 5, 2019 SA Duke received a report from interstate nexus examiner SA Levesque regarding the firearms described as Sporting Arms Inc., Snake Charmer II, 410 shotgun SN: 12806 and Smith and Wesson, model M&P 15, .223 caliber rifle, SN: SZ76362. SA Levesque determined these items to be firearms as defined by 18 USC 921 (a)(3). The firearms were not manufactured in Virginia and have traveled in interstate commerce.

25. ZEKKARIYAS is prohibited from possessing firearms and ammunition as he was convicted of a crime punishable by imprisonment for a term exceeding one year, was a

fugitive from justice and was involuntarily committed, due to mental incompetence (mental defective). The S&W AR-15 firearm is valued in excess of $500 and was stolen in WV then recovered in VA.

26. Based upon the aforementioned, your affiant believes probable cause exists that Zeafree ZEKKARIYAS violated the Criminal Code of the United States, specifically described as a prohibited person possessing firearms and ammunition in violation of 18 USC 922 (g) (1), (2) and (4).

_____
Special Agent William C. Duke
Bureau of Alcohol, Tobacco, Firearms and Explosives
United States Department of Justice

Subscribed and sworn to before me this 23rd day of September, 2019.

Pamela Meade Sargent
USMJ